## No. 16,265.

IN RE ASSESSMENT OF THE MERCHANDISE
AND STOCK IN TRADE OF HOVER
MOTORS, INC.
CITY AND COUNTY OF DENVER ET AL.
*v.* HOVER MOTORS, INC.
(217 P. [2d] 863)

Decided March 13, 1950.   Rehearing denied April 24, 1950.

440

Mr. J. Glenn Donaldson, Mr. Charles H. Haines, for plaintiffs in error. Mr. George K. Thomas, of counsel.

Mr. Harry A. King, Mr. Emory L. O'Connell, for defendant in error.

*En Banc.*

Mr. Justice Hays delivered the opinion of the court.

Defendant in error, a licensed automobile dealer, is engaged principally in the business of buying, exchanging, selling, and trading in motor vehicles, trailers and semitrailers. Its stock of merchandise was assessed for the year 1948 upon the average amount of money invested in merchandise during each calendar month of the taxable year in accordance with the following statute:

Sections 6 and 7, chapter 158, S.L. '43, under which the above assessment was made, provide:

"Section 6. Section 54, of Chapter 142, 1935 Colorado Statutes Annotated, is hereby amended to read as follows:

"Section 54. *Average of Merchandise and Manufactures.* In ascertaining the amount of moneys of any taxpayer invested in merchandise or in manufactures, the assessor shall ascertain the average amount during the fiscal year for which the tax is to be levied; and the average amount of money invested in such merchandise or manufactures during twelve months ending with the last day of February of such fiscal year shall be taken

as a true measure of the value of such merchandise or manufactures for such fiscal year.

"Section 7. Section 55, of Chapter 142, 1935 Colorado Statutes Annotated, is hereby amended to read as follows:

"Section 55. *Average of Moneys Invested — Manufacturer Defined.* In listing the credits and moneys invested in merchandise or manufactures, the person making the list shall state the average of such moneys and credits invested in such merchandise or manufactures, during each calendar month of the year ending with the last day of February of the then current year. * * * "

Section 4, Article X, of the Constitution, exempts from taxation, "The property, real and personal, of the state, counties, cities, towns and other municipal corporations and public libraries * * *." Section 5 of said article exempts real and personal property "that is used solely and exclusively for religious worship, for schools or for strictly charitable purposes, also cemeteries not used or held for private or corporate profit." Section 6 of said article, as amended November 3, 1936 (S.L. '37, p. 326), provides:

"Section 6. All laws exempting from taxation, property other than that hereinbefore mentioned, shall be void; provided however, that the general assembly shall enact laws classifying motor vehicles, trailers and semi-trailers and requiring the payment of a graduated annual specific ownership tax thereon, which said tax shall be in addition to, and payable to the proper county officer at the same time as state registration or license fees.

"Said graduated annual specific ownership tax shall be in lieu of all ad valorem taxes upon such property, and shall be distributed, apportioned, credited and paid over to the State and its political subdivisions as provided by law with reference to ad valorem taxes; provided further, *that such laws shall not exempt from ad*

*valorem taxation motor vehicles, trailers and semi-trailers in process of manufacture, or held in storage, or which constitute the stock of manufacturers, or distributors thereof or of dealers therein.*" (Emphasis supplied)

Chapter 127, S.L. '47, in so far as pertinent, provides:

"Section 1. Sub-section 108 (a) (4), Chapter 16, 1935 Colorado Statutes Annotated, as amended by Section 1, Chapter 94, Session Laws of Colorado of the year 1937, and as further amended by Section 5, Chapter 80, Session Laws of Colorado of the year 1941, be and the same is hereby amended to read as follows:

"(4) Upon any motor vehicle, trailer or semi-trailer purchased in any registration year, there shall be paid only such portion of such fee as the number of calendar months remaining in such registration year after date of purchase bears to twelve; * * * No owner shall be required to pay the annual specific ownership tax upon any motor vehicle, trailer or semi-trailer for any registration year during all of which said motor vehicle, trailer or semi-trailer is not to be operated or driven upon the public highways of the State. Such exemption shall be granted upon the owner applying therefor to the Clerk and Recorder of the County of his residence and filing with that officer his affidavit setting forth the facts entitling him to such relief; provided, however, that nothing in this Section shall be construed to exempt from the ad valorem tax, motor vehicles, trailers or semi-trailers not operated or driven upon the highways during any registration year for which the specific ownership tax is not paid, including motor vehicles, trailers or semi-trailers in process of manufacture, or held in storage, or which constitute the stock of manufacturers, or distributors thereof, or dealers therein; *and, further provided, that the ad valorem tax shall not be assessed, levied or collected on or against motor vehicles, trailers or semi-trailers for the registration year or part thereof, that a specific ownership tax is paid,*

*notwithstanding that such motor vehicles, trailers or semi-trailers are in process of manufacture, are held in storage or constitute the stock of manufacturers or distributors thereof or dealers therein."* (Emphasis supplied)

The above italicized portion of the 1947 amendment did not appear in either of the two previous enactments above mentioned, and its insertion in the 1947 amendment for the first time obviously was intended for the purpose of creating a new exemption, contrary to the provisions of section 6, article X, of the Constitution, that "all laws exempting from taxation, property other than that hereinbefore mentioned, shall be void;" and also contrary to the proviso therein, "That such laws shall not exempt from ad valorem taxation motor vehicles, * * * which constitute the stock of * * * dealers therein."

The sole question here presented is whether or not the value of motor vehicles in stock upon which there has been previously paid the specific ownership tax, should be excluded from the assessor's computation of the average amount of money invested in merchandise. The trial court held it should be so excluded, and the assessor brings the cause here for review by writ of error.

■ The clear intent and purpose of section 6, article X, of the Constitution, as amended, was to remove motor vehicles from the ad valorem tax, only so long as they are used and operated on public highways, and to leave undisturbed the statutory method of assessing dealer's stocks of motor vehicles.

To hold that the value of motor vehicles in the dealer's stock of merchandise, upon which the ownership tax had been paid, cannot be used by the assessor in ascertaining the average amount of money invested in such merchandise during the taxable year, would constitute an unjust and unlawful discrimination against dealers in radios, pianos, household appliances, and other lines

of comparable merchandise, upon which the general ad valorem tax for the current year had been paid, in violation of the provisions of section 3, article X, of the Constitution, which require that all taxes shall be uniform upon the same class of subjects.

We, therefore, conclude that the above proviso in the 1947 amendment which attempts to exclude from the assessor's computation of the average amount of money invested in the dealer's stock of merchandise, the value of motor vehicles upon which the specific ownership tax had been paid, is void and of no force and effect.

The judgment of the trial court is reversed and the cause remanded with instructions to enter judgment in harmony with the views herein expressed.

MR. JUSTICE STONE, MR. JUSTICE ALTER and MR. JUSTICE HOLLAND dissent.